UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

ROBERT M. JOOST,

                    Petitioner,          05 Civ. 8231 (JGK)

          - against -                    OPINION AND ORDER

CRAIG APKER, WARDEN OF THE FEDERAL
CORRECTIONAL INSTITUTION AT OTISVILLE,
NEW YORK,

                    Respondent.
────────────────────────────────

JOHN G. KOELTL, District Judge:

     The petitioner, Robert M. Joost, is imprisoned as a result

of convictions following two separate trials in the District of

Rhode Island for possessing a firearm and ammunition as a felon

in violation of 18 U.S.C. § 922(g)(1) and for violation of the

Hobbs Act, 18 U.S.C. § 1951.  After appealing both convictions

and unsuccessfully attacking both collaterally by way of motions

pursuant 28 U.S.C. § 2255, the petitioner filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court

on September 21, 2005.  The petition is directed against the

Warden of the Federal Correctional Institution at Otisville, New

York, where the petitioner is presently held.  The petitioner

alleges that the Judgment and Commitment ("J&C") that issued in

connection with his conviction for violating the Hobbs Act, and

under which he is currently imprisoned, conflicts with the

sentence as it was pronounced orally at his sentencing hearing

1

and is thus void.  The Bureau of Prisons ("BOP"), the petitioner alleges, miscalculated his prison sentence based on the allegedly invalid J&C.  The petitioner seeks habeas relief directing the BOP to calculate his release date accurately based on the sentence as orally pronounced by the sentencing court.

The respondent objects to the petitioner's arguments both on jurisdictional grounds and on the merits.  Because the Court finds that it lacks jurisdiction to hear the petitioner's claim, the Court **dismisses** the petition.

**I.**

In 1994, the petitioner was charged in the District Court for the District of Rhode Island in two separate indictments: first, for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and second, for conspiring to obstruct, delay, and affect commerce by robbery of an armored truck in violation of the Hobbs Act, 18 U.S.C. § 1951.  (Pet. 1-2.)  See United States v. Joost, 92 F.3d 7, 8 (1st Cir. 1996); United States v. Joost, No. 95-2031, 1996 WL 480215, at *1 & n.2 (1st Cir. Aug. 7, 1996).  The indictments arose after a government investigation targeting a casino counterfeiting scheme in Connecticut led undercover police detectives to approach the petitioner under the ruse that they were petty thieves.  Joost, 92 F.3d at 9.  After procuring

counterfeit tokens from the petitioner, the police detectives
discussed a number of criminal schemes with him, and the
detectives eventually asked the petitioner to procure a gun for
them to use to get revenge on an adversary.  Id. at 9-10.  The
petitioner was unable to procure one.  Id. at 10.  The
detectives later approached the petitioner and requested that he
procure a gun for them to use to rob a nightclub on Cape Cod,
and taped conversations revealed that the petitioner said he
could get a gun for them.  Id. at 10-11.  The petitioner was
able to procure a gun the next day, allegedly from a government
informant, and after he gave the weapon to the detectives, he
was arrested.  Id. at 11.  The petitioner was tried separately
on the two indictments in jury trials before Judge Mary M. Lisi,
and in each case the jury returned a guilty verdict.  See Joost,
1996 WL 480215 at *1 & n.2.

On September 8, 1995, Judge Lisi sentenced the petitioner
in connection with both offenses.  (See Sentencing Tr., Sept. 8,
1995, Ex. 1 to Resp.'s Mem. of Law in Opp'n to Pet.)  The Hobbs
Act provided for a statutory maximum of 20 years imprisonment.
(Id. at 114.)  Judge Lisi noted that the Guidelines provided for
a term of 30 years to life (id. at 120, 145-46), and she said
"that is the sentence I impose:  A term of imprisonment of 30
years" (id. at 147).  She also imposed a maximum term of five
years of supervised release on the firearm offense, to run

concurrent with a term of supervised release on the Hobbs Act offense.  (Id. at 147.)  Judge Lisi did not impose a fine, but she ordered the petitioner to pay a $100 special assessment. (Id. at 147.)

Counsel for the government asked Judge Lisi to clarify whether the 30-year prison term was imposed on the firearm offense to run concurrently with the 20-year maximum term on the Hobbs Act offense.  (Id. at 149.)  The transcript reflects that Judge Lisi paused to review the Guidelines approach to sentencing for multiple counts and to confer with a member of the Probation Department.  (Id. at 149-50.)  Judge Lisi then stated:

> Just for clarification—and I appreciate Mr. Madden [counsel for the government] raising this and thank Mr. Jenkins from the Probation Department for his assistance—the—because the statutory maximums on [the Hobbs Act count] and [the firearm count] are different, [the Hobbs Act count] carrying a maximum statutory term of imprisonment of 20 years, [the firearm count] carrying a 15 years to life statutory maximum, and also reviewing the guideline 5G1.2 dealing with sentencing on multiple counts of conviction, the term of imprisonment in this case is imposed on [the firearm count] with the term in [the Hobbs Act count] to run concurrent.  And that should satisfy any questions as to how those sentences should be imposed.

(Id.)

On September 21, 1995, Judge Lisi executed written J&Cs for both the firearm and the Hobbs Act counts.  (Ex. B to Pet.; Ex. C to Pet.)  The judgment for the firearm conviction imposed 360

4

months imprisonment, to run concurrent with the Hobbs Act
sentence, followed by five years of supervised release, to run
concurrent with the term of supervised release on the Hobbs Act
count. (Ex. B to Pet.) The judgment for the Hobbs Act
conviction imposed 240 months imprisonment followed by three
years of supervised release, both concurrent with the firearm
sentence. (Ex. C to Pet.)

The petitioner moved for a new trial after his Hobbs Act
conviction (see Sentencing Tr. 8), and the court denied the
motion (id. at 26). The petitioner also moved for a judgment of
acquittal and for a new trial in connection with the firearm
conviction (id. at 27), and the court denied both motions (id.
at 34-35). The petitioner appealed both convictions to the
Court of Appeals for the First Circuit. The Court of Appeals
affirmed the petitioner's Hobbs Act conviction, Joost, 1996 WL
480215 at *1, but it reversed the firearm conviction and
remanded for a new trial because the trial court had erred in
not including a jury instruction on entrapment. Joost, 92 F.3d
at 8.

A new trial was held before Judge Ernest C. Torres on the
firearm count, and a jury again returned a guilty verdict.
Judge Torres then imposed a sentence of 198 months imprisonment,
126 months of which were to run concurrently with the Hobbs Act
sentence and 72 months of which were to run consecutive to the

Hobbs Act sentence.  (See Ex. D to Pet.)  The total sentence was thus 312 months—240 months on the Hobbs Act conviction followed by the 72 month consecutive term for the firearm conviction. The Court of Appeals affirmed this conviction.  United States v. Joost, 133 F.3d 125, 132 (1st Cir. 1998).

In 1997, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 collaterally attacking his Hobbs Act conviction. The trial court denied the motion, and the Court of Appeals denied the petitioner's appeal.  See Joost v. United States, 336 F. Supp. 2d 185, 186 n.1 (D.R.I. 2004).  In 2003, the petitioner filed a motion pursuant to § 2255 to vacate his sentence for his firearm conviction.  The district court dismissed the motion as untimely under the one-year statute of limitations for filing § 2255 motions, because it was filed more than five years after his conviction became final.  Id. at 186.  The court did grant a certificate of appealability to the First Circuit Court of Appeals on one of the petitioner's claims (Ex. 8 to Resp.'s Mem. of Law in Opp'n to Pet.), and the Court of Appeals granted the petitioner's motion for an expanded certificate of appealability on December 22, 2005 (Ex. 9 to Resp.'s Mem.).  At present, there has been no decision from the Court of Appeals on whether any exceptions to the one-year statute of limitations for § 2255 apply to the petitioner's motion.

On September 21, 2005, the petitioner filed the present petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## II.

The petitioner raises an argument that he did not raise by post-sentencing motion, on appeal, or through prior collateral attacks.  He claims that at his September 8, 1995 sentencing hearing, Judge Lisi did not impose a prison term for his Hobbs Act conviction at all.  The petitioner appears to read the portion of the hearing transcript quoted above to suggest that the 30-year prison term was imposed only on his firearm conviction.  He interprets the judge's statement "the term in [the Hobbs Act count] to run concurrent" to mean that the term of supervised release previously mentioned by the court in connection with the Hobbs Act count was to run concurrent with the prison sentence imposed on the firearm count.  The petitioner apparently alleges that the phrase "the term in [the Hobbs Act count]" in this context refers not to the maximum 20-year prison term for a Hobbs Act conviction that the judge mentioned explicitly in the same sentence (see Sentencing Tr. 150), but instead to the term of supervised release announced earlier, before several intervening remarks by the petitioner and counsel (see id. at 147).

The petitioner argues that because the oral pronouncement of sentence is definitive, and any deviations from that oral pronouncement in a written judgment are void, e.g., United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974), see also Fed. R. Crim. P. 43(a)(3) (requiring defendant's presence at sentencing), Judge Lisi's September 21, 1995 written J&C imposing a 20-year prison term for the Hobbs Act conviction is void.  The implication is that the petitioner's sentence on the firearm count cannot run consecutively to his Hobbs Act term of imprisonment (which he claims is nonexistent), and thus he should be released after serving 198 months—the term imposed on the firearm count only.

### III.

### A.

The respondent argues that the petitioner is in fact attacking the validity of his sentence, and thus that his petition should be brought under 28 U.S.C. § 2255, not under § 2241.  The respondent thus asserts that the petitioner's appeal should be dismissed for lack of jurisdiction.

Section 2255 provides that a prisoner may challenge his sentence by way of a motion to vacate, set aside, or correct his sentence in the court which imposed the sentence.  Section 2255 further provides:

> An application for a writ of habeas corpus in behalf
> of a prisoner who is authorized to apply for relief by
> motion pursuant to this section, shall not be
> entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court
> which sentenced him, or that such court has denied him
> relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the
> legality of his detention.

The Court of Appeals for the Second Circuit has observed that "[a] motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, type of detention and prison conditions," while "§ 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001). Furthermore, "as a general rule, federal prisoners must use § 2255 instead of § 2241[] to challenge a sentence as violating the Constitution or laws of the United States." Id. at 147 (citing Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)); see also Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003).

The respondent asserts that the petition is an attack on the sentence itself because the BOP is obligated to execute a signed J&C. See 18 U.S.C. § 3621. Because the petition does not allege that the BOP has failed to comply with the signed J&C, the petitioner is in effect attacking the legality of the

9

J&C, which is a written expression of the sentence.  Because the
petitioner "has failed to apply for relief, by motion, to the
court which sentenced him," he can only bring a habeas petition
if he shows that "the remedy by motion is inadequate or
ineffective to test the legality of his detention."  28 U.S.C. §
2255.

The petitioner argues that he is in fact challenging the
execution of his sentence, not the sentence itself, because he
takes issue with the Warden's reliance upon an invalid J&C,
rather than the binding oral pronouncement of sentence, in
computing his prison term.  The petitioner relies in particular
on Justice Cardozo's opinion in Hill v. United States ex rel.
Wampler, 298 U.S. 460 (1936), for the proposition that a habeas
petition is an appropriate means of challenging a J&C that
deviates from the orally pronounced sentence.  In Hill, the
judge pronounced a sentence consisting of a fine and an eighteen
month prison term, id. at 461, and the clerk of the court
subsequently issued a commitment order to the prison setting out
the sentence as consisting of a fine and prison term but
including an additional condition that the defendant would
remain committed if he failed to pay the fine, id. at 462.  The
Court found no error in the sentence as recorded, but found that
the warrant of commitment was null and void because it
"depart[ed] in matter of substance from the judgment back of

it." Id. at 465.  At the time the Court reviewed the petitioner's appeal, his eighteen month sentence had expired and he was still imprisoned.  Id. at 467.  On these facts, the Court found that a habeas petition filed in a court other than the sentencing court was appropriate.  Id.

The Hill opinion preceded the enactment of § 2255 in 1948, see Act of June 25, 1948, Pub. L. No. 80-773, § 2255, 62 Stat. 869, 967, as well as the amendments to the habeas remedy enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Because § 2255 provides a more specific remedy for errors in sentencing, and because it specifically limits the availability of other habeas relief when a motion under § 2255 would suffice, Hill must be read in light of the more recent statutory enactment and thus does not authorize the present petition under § 2241.  See, e.g., Cephas, 328 F.3d at 103; Triestman, 124 F.3d at 373-74.

In at least two more recent cases, courts appear to have entertained § 2241 petitions challenging the application of sentences as they were orally pronounced.  In Payne v. Madigan, 274 F.2d 702 (9th Cir. 1960), aff'd by equally divided Court, 366 U.S. 761 (1961) (per curiam), a defendant convicted in the United States District Court for the Eastern District of Tennessee and imprisoned in California sought habeas relief by arguing that the J&Cs imposing seven consecutive prison terms

11

were not supported by an unambiguous explanation during the oral
pronouncement of his sentence.  Id. at 703-04.  The Court of
Appeals affirmed the district court's finding that the J&Cs did
not depart from the oral pronouncement, but instead at most
resolved an ambiguity in that pronouncement.  Id. at 705.  In a
footnote, citing the earlier decision in Butterfield v.
Wilkinson, 215 F.2d 320 (9th Cir. 1954), the court noted that
habeas corpus rather than a § 2255 motion provided the proper
remedy because the prisoner had already been imprisoned for
longer than the term he alleged was orally pronounced, and thus
if he prevailed he would be entitled to release.  Payne, 274
F.2d at 703 n.1.

Butterfield involved a prisoner's habeas petition seeking
release from prison on the grounds that his sentences for
different offenses were to run concurrently rather than
consecutively, and thus his term had already expired.  215 F.2d
at 321.  The prisoner brought this habeas petition in the
district where he was confined without making application to the
sentencing courts to correct his sentences.  The prisoner's
attack was "not upon the validity of the sentences but upon the
allegedly erroneous construction placed upon them by the
Warden."  Id.  The prisoner did not assert any deviation between
the oral pronouncement of sentence and its written
memorialization; he instead challenged the warden's

interpretation of the sentence in view of the argument that a sentencing court must specify clearly the order of consecutive sentences.[1]

Both Payne and Butterfield differ from the present petitioner's claim in that in those cases the prisoners were imprisoned beyond the term of their sentences under the theory of their petitions.  The present petitioner has not been imprisoned beyond the term that he alleges is appropriate, so he does not and in fact cannot allege that the warden is holding him without legal authorization at this time.  Moreover, Butterfield is distinguishable because it squarely challenges the BOP's interpretation of an undisputed statement of sentence, while the present petition asserts no plausible wrongdoing by the BOP and instead alleges that the sentencing judge illegally included a prison term in her signed J&C that was not orally pronounced in the petitioner's presence.  For these reasons, Butterfield does not support the availability of § 2241 in this case.  Insofar as Payne rests its justification for a habeas remedy in a footnote, which cites to Butterfield and which adverts to the fact that the prisoner's theory would lead to his

---

[1]  The petitioner cites a third case, Henley v. Heritage, 337 F.2d 847 (5th Cir. 1964), which mirrors Butterfield in that the prisoner only challenged the proper interpretation of the undisputed language of his sentence, as it was orally pronounced.  The discussion distinguishing Butterfield applies in like fashion to Henley.

release from prison, Payne also does not support the availability of a habeas remedy in this case.

Furthermore, other cases indicate that § 2255 is an available vehicle for the petitioner's challenge to any variation between the sentencing court's signed J&C and the sentence that was orally pronounced. E.g., United States v. DeMartino, 112 F.3d 75, 81-82 (2d Cir. 1997) (treating Rule 36 motion as a § 2255 motion and granting relief to prisoner where sentencing judge entered a written judgment providing for a greater penalty than that announced orally); Chunn v. United States, 462 F.2d 1100 (5th Cir. 1972) (vacating denial of § 2255 motion where oral and written sentence differed and oral sentence exceeded statutory maximum).

For these reasons, the petitioner's claim is properly construed as a challenge to his sentence and hence § 2255 provides the only available remedy.  While the petitioner did file a § 2255 motion in his sentencing court, see Joost, 336 F. Supp. 2d at 186 n.1, he did not raise the issue he asserts in the present petition.  Hence, he can only proceed with a habeas petition pursuant to § 2241 if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

**B.**

The Court of Appeals for the Second Circuit has found that § 2255 is "inadequate or ineffective" only when failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[] of innocence at an earlier time." Cephas, 328 F.3d at 104 (internal quotation marks omitted) (quoting Triestman, 124 F.3d at 363).

The petitioner does not assert any claim of actual innocence or any other reason why the failure of collateral review on his stated grounds would raise a serious constitutional question.  He also provides no reason why he could not have asserted his present argument in his earlier § 2255 motion with respect to his Hobbs Act conviction.  See Jiminian, 245 F.3d at 148 ("[B]ecause [the defendant] could have raised this claim in his prior § 2255 motion, the mere fact that he is now unable to meet the AEDPA's gate-keeping requirement does not render § 2255 an inadequate or ineffective vehicle . . . .")  The petitioner has no basis for claiming that § 2255 is "inadequate or ineffective" for reviewing the legality of his sentence, and therefore § 2255 prevents this court from entertaining his § 2241 petition for a writ of habeas corpus.

Because § 2241 cannot be invoked, the Court must either dismiss the petition or recast it as a motion pursuant to

§ 2255.  See Adams v. United States, 372 F.3d 132, 136 (2d Cir.

2004); Cephas, 328 F.3d at 104.  But the Court cannot recast the

petition as a § 2255 motion because it is filed in the wrong

court, it is time-barred under the provisions of the AEDPA, and

it is a second and successive petition under 28 U.S.C. § 2244.

Hence, in keeping with the instructions in Adams, 372 F.3d

at 136, the Court **dismisses** the petition for lack of

jurisdiction.[2]

### CONCLUSION

The Court has considered all of the petitioner's arguments.

To the extent not specifically addressed above, they are either

moot or without merit.  The petitioner's § 2241 petition is

**dismissed**.  No certificate of appealability is required to

appeal this decision.  See Murphy v. United States, 199 F.3d

599, 601 n.2 (2d Cir. 1999) (per curiam); Ojo v. Immigration &

Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997).

**SO ORDERED.**

**Dated:    New York, New York**
          **January 16, 2007**

6. Koeltl

**John G. Koeltl**
**United States District Judge**

---

[2]  Because the Court dismisses the petition on jurisdictional grounds, it is
unnecessary to reach the respondent's argument on the merits of the
petitioner's peculiar interpretation of Judge Lisi's oral pronouncement of
sentence.  If the Court did reach the merits, the Court would find that the
petitioner's claim is without merit.  No reasonable interpretation of Judge
Lisi's oral pronouncement of sentence would permit the argument that Judge
Lisi imposed no term of imprisonment on the Hobbs Act conviction and was only
imposing a term of supervised release for that conviction.

16